Goldsborough and Tate *vs.* Green and Claude, use of Tate.

CHARLES GOLDSBOROUGH and JAMES E. TATE *vs.* NICHOLAS H. GREEN and DAVIDSON CLAUDE, use of JAMES E. TATE.

*Attachment — Act of* 1862, *ch.* 262.

Under section 30 of Article 10 of the Code of Public General Laws, which confers upon " any plaintiff having a judgment, the right to issue an attachment thereon instead of any other execution," attachments on judgments are placed on the same footing as other executions, and cannot be lawfully issued until the stay of execution has expired; and there is nothing in the Act of 1862, ch. 262, which changes the law in this respect.

APPEAL from the Circuit Court for Anne Arundel County.

The cause was argued before BARTOL, C. J., STEWART, MAULSBY, GRASON and ALVEY, J.

*Frank. H. Stockett,* for the appellants.

*Alexander Randall,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

The appellants recovered a judgment in the Court below against Alonzo J. McCullough, at July Term, 1868, in a suit brought to the preceding April Term. The judgment being rendered at the second term, the defendant was entitled

to a stay of execution thereon, till the first Thursday of the next ensuing term, under section 19, Article 29 of the Code.

On the 25th day of July, 1868, four days after the rendition of the judgment, by the plaintiffs' order, an attachment was issued on the judgment; upon the return of the attachment the appellees, who were interested as judgment creditors of McCullough, appeared and filed a motion to quash, which motion prevailed, and this appeal is from the order quashing the writ.    The Code, Art. 10, sec. 30, confers upon "any plaintiff having a judgment, the right to issue an attachment thereon instead of any other execution." Under this provision, attachments on judgments are placed on the same footing as other executions, and cannot be lawfully issued until the stay of execution' has expired.    But the appellants have contended that the attachment in this case was authorized by the Act of 1862, ch. 262.

That Act in its 16th section provides that "on all judgments an execution may issue, at any time within three years after the date of such judgment, or if there be a stay thereon, at any time within three years after the expiration or removal of such stay, where there has been no change of parties to such judgments by death or by marriage, but executions by way of attachment may issue at any time within twelve years from the date of said judgment, and if more than three years have elapsed after the date of the judgment, or expiration or removal of the stay thereon, the said attachments shall be subject to the same defences by the defendant, as in cases of *scire facias*, and in case of the death or marriage of any plaintiff, the executor, administrator or other person who shall be entitled to such judgment, shall on application to the Clerk of the Court or Justice of the Peace, having control of the docket whereon such judgment may have been entered, be made parties to the same and have attachments or other execution, as if no such death or marriage had taken place."    *    *    *    *

It has been argued by the appellants' counsel that, according to the true construction of this Act of Assembly, an

Goldsborough and Tate *vs* Green and Claude, use of Tate.

attachment by way of execution may be issued on a judgment at any time within twelve years after its rendition, and without waiting for the expiration of the stay. This argument is based on the following words contained in the act: " *But executions by way of attachment may issue at any time within twelve years from the date of said judgment.*" These words, if taken alone, would bear the construction placed on them by the appellant. But, taking all the provisions of the Act together, and construing that clause with the context, it is obvious that the whole intent of the Legislature was to enlarge the time within which an attachment may be issued on a judgment to twelve years from the date of the judgment, not to authorize it to be issued before the stay of execution has expired. The Act dispenses with the necessity of a *scire facias* before issuing an attachment, in cases where a *scire facias* was previously necessary to revive the judgment, and saves to the defendant the same defences to the attachment as he might make to a *scire facias*, in all cases where it has been issued " more than three years after the date of the judgment, or after the expiration or removal of the stay thereon." In other respects, attachments on judgments are placed by the Act, on the same footing as other executions. To construe the law as authorizing an attachment by way of execution to be issued on a judgment, before the stay has expired, would be doing violence to the general provisions of the Act, which nowhere authorize or contemplate the issuing of any execution, either by attachment or otherwise, on a judgment before the stay of execution thereon has expired.

Concurring with the Circuit Court in the opinion that the attachment in this case was prematurely issued, the judgment of that Court will be affirmed.

*Judgment affirmed.*

(Decided 4th February, 1870.)